IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**FACET CONSULTING PTY LTD.,**

    **Plaintiff,**

v().                                            Civil Action No. __3:21cv078__

**RISING TIDES SOLUTIONS, LLC,**

    Serve:    Jyot Singh, Registered Agent
                    4951 Lake Brook Dr, Ste 225
                    Glen Allen, Virginia 23060-0000

    **Defendant.**

## COMPLAINT

Facet Consulting Pty Ltd., by counsel, for its Complaint against Rising Tides Solutions, LLC, states as follows:

## PARTIES

1. Plaintiff Facet Consulting Pty Ltd. ("Facet") is an Australian company with its principal place of business in Milton, Queensland, Australia.

2. Upon information and belief, defendant Rising Tides Solutions, LLC ("RTS") is a Virginia limited liability company with its principal place of business in Glen Allen, Virginia.

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds $75,000.00 and the plaintiff and defendant are citizens of Australia and Virginia, respectively.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1). Venue is proper

in the Richmond Division in accordance with Local Civil Rule 3.

## FACTS

5. On December 1, 2018, RTS and Facet executed a Consulting Services Agreement (the "Agreement"), effective as of November 26, 2018, whereby Facet agreed to perform certain consulting services (the "Services") for RTS in exchange for payment in accordance with the fee schedule on Exhibit A of the Agreement or as otherwise agreed to in a Statement of Work. A copy of the Agreement is attached hereto as **Exhibit A**.

6. On December 1, 2018, RTS and Facet also executed a Statement of Work form which forms an integral part of the Agreement. This Statement of Work 001, effective December 1, 2018 for a term of seven months, provided for payment to Facet in the maximum amount of ▓▓▓▓ exclusive of travel. A copy of Statement of Work 001 is attached hereto as **Exhibit B**.

7. On June 28, 2019, RTS and Facet executed a second Statement of Work form which forms an integral part of the Agreement. This Statement of Work 002, effective July 1, 2019 for a term of six months, provided for payment to Facet in the maximum amount of ▓▓▓▓ exclusive of travel. A copy of Statement of Work 002 (collectively, with Statement of Work 001, the "Statements of Work") is attached hereto as **Exhibit C**.

8. Facet fully performed the Services required in Statement of Work 001.

9. Facet partially performed the Services required in Statement of Work 002, but ultimately terminated its work because RTS breached the Agreement by failing to pay the outstanding balance four months in a row.

10. Under the Agreement, upon termination, RTS is required to pay Facet the "amount due for outstanding invoices up to the date of termination plus the amount reasonably due for any wrap-up services specifically requested by [RTS]." **Exhibit A** ¶6(c)(i).

11. For Statement of Work 001, Facet sent seven invoices to RTS, totaling ▮. Of those seven invoices, the invoices for work performed in May and June of 2019 remain unpaid.

12. The May invoice is dated May 31, 2019. Facet sent the invoice to RTS on June 4, 2019 in the amount of ▮ for services rendered in relation to Statement of Work 001. A copy of the May 31, 2019 invoice is attached hereto as **Exhibit D**. RTS never paid it.

13. The June invoice is dated June 30, 2019. Facet sent the invoice to RTS on July 8, 2019 in the amount of ▮ for services rendered in relation to Statement of Work 001. A copy of the June 30, 2019 invoice is attached hereto as **Exhibit E**. RTS never paid it.

14. For Statement of Work 002, Facet sent two invoices to RTS, totaling ▮. Both of these invoices remain unpaid.

15. The July invoice is dated July 31, 2019. Facet sent the invoice to RTS on August 10, 2019 in the amount of ▮ for services rendered in relation to Statement of Work 002. A copy of the July 31, 2019 invoice is attached hereto as **Exhibit F**. RTS never paid it.

16. The August invoice is dated August 31, 2019. Facet sent the invoice to RTS on September 10, 2019 in the amount of ▮ for services rendered in relation to Statement of Work 002. A copy of the August 31, 2019 invoice is attached hereto as **Exhibit G**. RTS never paid it.

17. Despite demand, RTS has failed to pay, and continues to fail to pay, Facet the $183,397.50 owing for the Services provided between May of 2019 and August of 2019, in accordance with the Agreement and the Statements of Work.

### COUNT I: Breach of Contract by RTS

18. Facet incorporates the allegations of the foregoing paragraphs as if set forth herein.

19. The Agreement is a contract.

20. The Statements of Work form an integral part of the Agreement.

21. Under the Agreement, RTS agreed to pay Facet for the Services in accordance with the fee schedule set forth in Exhibit A of the agreement "or as otherwise agreed to in a Statement of Work." **Exhibit A** ¶2(a).

22. All invoices were required to be paid within 30 days after recipt. **Exhibit A** ¶2(a).

23. RTS has not paid the May, June, July, and August 2019 invoices as set forth above.

24. RTS breached the Agreement by failing to pay Facet for the Services rendered between May and August of 2019.

25. The amount owing to Facet as a result of RTS's breach of contract is $183,397.50, plus interest, costs, and attorneys' fees under Paragraph 8(d) of the Agreement.

## COUNT II (Alternative): Unjust Enrichment of RTS

26. Facet incorporates the allegations of the foregoing paragraphs as if set forth herein.

27. Facet alleges this unjust enrichment count in the alternative to its breach of contract count against RTS.

28. Facet conferred a benefit upon RTS by providing the Services described herein.

29. RTS knowingly requested and received the benefit of the Services described herein in the furtherance of its business.

30. RTS has been unjustly enriched at Facet's expense by receiving the Services described herein without paying for them.

31. Facet is entitled to payment from RTS for the reasonable value of the Services described herein as a result of its unjust enrichment.

32. The reasonable value of the Services rendered, which have not been paid, is $183,397.50, plus interest and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Facet Consulting Pty Ltd., by counsel, respectfully requests that this Court enter judgment in its favor against Rising Tides Solutions, LLC in the principal amount of $183,397.50, plus pre-judgment and post-judgment interest from the date of each invoice until paid, plus all costs and attorneys' fees, and all other just and necessary relief.

Dated:  February 11, 2021       FACET CONSULTING PTY LTD.


By: _____*/s/Kambria T. Lannetti*_____
              Of Counsel


W. Ryan Snow, VSB No. 47423
Kambria T. Lannetti, VSB No. 94853
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone:  (757) 623-3000
Facsimile:  (757) 623-5735
wrsnow@cwm-law.com
klannetti@cwm-law.com
*Counsel for Facet Consulting Pty Ltd.*